IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:05CR3115 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| MARTIN FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report in this case. Except for the objections by the defendant and the government regarding factors warranting departure and the defendant's related motion for departure or variance because of sentencing disparity as between the defendant and his codefendant (filings 58 & 59), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The objections by the defendant and the government relating to factors that may warrant departure and the defendant's motion for departure or variance (filings 58 and 59) are granted as provided herein but otherwise denied. The court believes that a four-level variance (not a departure) is warranted to account for the defendant's relative culpability as compared to his codefendant who was allowed to plead to misprision of a felony. While the defendant is arguably more culpable than his codefendant, and the government's proof is clearly stronger, because the defendant was driving at the time of the commission of the crime (the stop on the Interstate), I agree with the prosecutor that the defendant's real offense conduct is sufficiently similar to that of the codefendant that a four-level variance is appropriate to try to equalize things. (See Government's Brief, filing 59 at 3-4.) Accordingly, I will vary (deviate), and not depart, such that I will sentence the defendant as if he were at a total offense level of 15. Given the defendant's criminal history category of I, this variance will result in a prison sentence of between 18 and 24 months as compared to the codefendant's probable prison sentence of between 8 and 14 months. The proper advisory Guidelines calculations remain, however, at a total offense level of 19 and a criminal history category of I.

(3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

May 30, 2006.                              BY THE COURT:

                                                   s/ *Richard G. Kopf*
                                                   United States District Judge